IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MELISSA DRIVER,

                                                                                                                     OPINION and ORDER

                        Plaintiff,

                                                                                                             16-cv-151-bbc

      v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Melissa Driver filed this lawsuit in 2016, seeking review of an administrative decision that denied her request for disability benefits under the Social Security Act. After plaintiff filed a motion for summary judgment, the parties agreed to a remand for further proceedings before the administrative law judge. After I granted the motion to remand, the parties stipulated to an award under the Equal Access to Justice Act of $6,280.47 in attorney fees for plaintiff's attorney, Dana Duncan, for the proceedings up until that time. Dkt. ##13 and 18. However, Duncan did not receive those fees, as they were taken to offset plaintiff's pres-existing student loan debts. On remand, an administrative law judge concluded that plaintiff was disabled and entitled to past-due benefits of $43,145.00.

      Now plaintiff's attorney, Dana Duncan, seeks an award of attorney fees of $11,213.00, under 42 U.S.C. § 406(b). Dkt. #21. Duncan seeks $10,786.25, which is 25 percent of plaintiff's past-due benefits award of $43,183.50, in accordance with § 406(b) and the contingency agreement signed by plaintiff. He seeks an additional $426.75, which

1

is 25 percent of the $1,707.00 in supplemental security income that plaintiff received between August 2012 and December 2012. The commissioner does not oppose Duncan's request for $10,786.25, but objects to the additional $426.75. For the reasons below, I am awarding Duncan $10,786.25 in attorney fees.

OPINION

Under 42 U.S.C. § 406(b), the court may award a prevailing plaintiff's attorney a reasonable fee, but no greater than 25 percent of past-due benefits. Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). See also McGuire v. Sullivan, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the [contingency-fee] contract so long as the court has reviewed its reasonableness."). When evaluating a request for fees under § 406(b) for reasonableness, a court may consider "the character of the representation and the results the representative achieved." Gisbrecht, 535 U.S. at 808. In Gisbrecht, the Court identified two instances in which a fee reduction would be appropriate. First, "[i]f the attorney is responsible for delay, . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. Second, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. Id. Courts in this circuit have considered factors such as the attorney's experience, reputation and ability as well as awards in similar cases. Westlund v. Berryhill, No. 15-cv-450-jdp, 2017 WL 2389724, at *1 (W.D. Wis. June

2

1, 2017) (citing Hodges-Williams v. Barnhart, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005), and McGuire, 873 F.2d at 979, 983)).

As an initial matter, I agree with the commissioner that Duncan is not entitled to receive a payment of $426.75 from plaintiff's 2012 supplemental security income award. In some cases, counsel can be awarded fees based on the supplemental security income a claimant receives during the five-month period in which the claimant is waiting for disability benefits. Here, however, plaintiff was entitled to disability benefits in July 2011, *before* she became entitled to supplemental security income in August 2012. Thus, there were no months in which plaintiff was entitled to any supplemental security income not offset by the disability insurance benefits in the same month under the windfall provision of 42 U.S.C. § 1320a-6(a). Duncan is not entitled to recover fees based on both awards.

Turning to whether Duncan's request for $10,786.25 is reasonable, I note that Duncan includes time spent in the administrative proceedings in his fee requests. As has been explained repeatedly to Duncan, § 406(b) applies only to attorney fees related to court proceedings. E.g, Beach v. Berryhill, No. 14-cv-857-bbc, 2017 WL 3275546, *2 (W.D. Wis. Aug. 1, 2017) ("It is unclear why, nine years after this court held otherwise, Duncan continues to try to use § 406(b) to obtain fees for time spent in administrative proceedings."); Heise v. Colvin, No. 14-cv-739-jdp, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) (Peterson, J.) ("[U]nder § 406 each tribunal may award fees only for the work done before it[,] . . . [s]o I will limit my reasonableness evaluation to Duncan's work before this court, and he can pursue the rest of his contingency fee from the

3

Commissioner.") (citations and internal quotations omitted); Stemper v. Astrue, No. 04-cv-838-jcs, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (Crabb, J.) ("§ 406(b) governs fees for representation in court and not in the administrative proceedings."). Accordingly, I am disregarding Duncan's records and arguments relating to time spent at the administrative level.

Duncan's records show that he spent 22.80 hours on matters related to court proceedings, including the preparation of a motion for summary judgment, and his paralegal spent another 22.15 hours on those matters. Dkt. #21-5. Although it appears to be an open question in this circuit whether paralegal time may be considered in assessing the reasonableness of a fee request under § 406(b), I see no reason to exclude it. Richlin Secretary Service Co. v. Chertoff, 553 U.S. 571, 581 (2008) (reasonable attorney fees under Equal Access to Justice Act includes paralegal time); Missouri v. Jenkins, 491 U.S. 274, 285 (1989) (reasonable attorney fees under 42 U.S.C. § 1988 includes paralegal time). Awarding Duncan $10,786.25 for this combined time would be the equivalent of a rate of approximately $325 an hour for Duncan and $150 an hour for his paralegal. In light of Duncan's experience, the risk he incurred and the amounts awarded by other courts in similar cases in both this court, e.g., Stemper, 2008 WL 2810589, at *2 (approving effective rate of $666), and the courts cited in Duncan's brief, I conclude that the amount is reasonable.

ORDER

IT IS ORDERED that Dana Duncan's motion for attorney fees, dkt. #21, is GRANTED IN PART. Duncan is awarded $10,786.25 in fees under 42 U.S.C.§ 406(b).

Entered this 28th day of September, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge